## SMALL *v.* NORTHERN PAC. R. Co.

*(Circuit Court, D. Minnesota.* June, 1884.)

**1. REAL ESTATE—STATUTE OF FRAUDS—PAROL CONTRACT—PART PERFORMANCE.**

The statute of Minnesota providing that contracts as to real estate must be in writing continues: "Nothing in this chapter contained shall be construed to abridge the power of courts of equity to compel the specific performance of agreements in cases of part performance of such agreements." Whenever a parol contract for the sale of real property is shown to be within this exception, a court of equity will not hesitate to enforce and decree specific performance by a conveyance from the vendor.

**2. SAME—SPECIFIC PERFORMANCE.**

Whenever it appears that a vendee, who is seeking the enforcement of the agreement, has been permitted by the vendor to treat the agreement as binding, and to do positive acts, amounting to part performance, based upon the assumption that the agreement is binding, specific relief will be granted and the vendor compelled to perform his part.

**3. SAME—SEPARATE PARCELS OF LAND.**

When, under an arrangement between two parties, by which one is to convey land to the other, the payments for the land are not to be applied upon the contracts generally, but always to specific sections or parcels, then, when a payment is made, it is payment in full only to the extent of the land upon which the application is made. And where the lands within the parol contract are of many distinct parcels and each tract separate from all the remainder, and the purchase price is not a gross sum for the whole quantity of land, and all the tracts upon which valuable improvements were made, and all of which possession has been taken, is conveyed to the vendee, equity will not decree a specific performance.

In Equity.

*J. M. Shaw,* for complainant.

*W. P. Clough,* for defendant.

NELSON, J. This action was heard before the circuit judge and myself. It was removed from Hennepin county to this court, and the hearing is upon the testimony taken in the case.

This is an action brought by the plaintiff to compel specific performance of a parol contract for the sale of real property by the defendant. There were but two witnesses on the part of the plaintiff. The defendant introduced no testimony, but relied upon the settled equity doctrine to defeat the right of action on the part of the complainant. The facts of the case are these:

That in May, 1880, the plaintiff and the commissioner of the land department of the Northern Pacific Railroad Company entered into a contract by parol for the sale of about 50,000 acres of land; at least, for all the land owned by the railroad company in four government townships in the territory of Dakota, that were granted to the railroad company in its land grant by the general government. A large portion of this land was surveyed into sections and quarter sections, or government subdivisions. The price agreed upon for this land was $2.50 per acre for all of the land in three of the townships, and $2.75 for all of the land in the other township. The purchase price stipulated under the contract was that payments should be made in the preferred stock of the company at par, from time to time, as fast as the plaintiff could procure and tender it to the company; and the same should be payment for such portions of the land as the amount of said preferred stock would pay for

at the time of delivery of the stock. The defendant agreed to convey to plaintiff such portions of lands so paid for by said stock, provided the stock should be delivered within a reasonable time. It was also stipulated that the plaintiff should go upon this land and survey it, and make field-notes of such portions of the land as were not subdivided. It was further stipulated that this plaintiff should locate, at a point as near the center of that large tract of land as possible, a town, and that he should erect upon this town-site a hotel of sufficient capacity to accomodate 50 guests; also that he should erect a building for a grocery store, and one for a post-office, and procure a post-office to be established by the proper authorities. He was also to establish a stage-route from this place to some other point, which is immaterial. There is also a provision that there should be a hundred acres broken during the year 1881 on each of five sections of land, with a view of cultivation. Finally it was further stipulated that he should devote all his time to advertising this property, and the locality generally, and should devote his time to the sale of this land in parcels to actual settlers. This is the substance of the parol contract.

The plaintiff procured from time to time preferred stock and tendered it to the company, and as fast as it was tendered he received deeds for the land, until some time in 1881, when all the land had been deeded and paid for, except the land which eight or nine thousand dollars of preferred stock would pay for. He then made a tender of preferred stock to the amount of between eight or nine thousand dollars, but the land commissioner of the company refused to comply any further with the contract, claiming that it could not be enforced, and declined to do anything further in the matter. The plaintiff's evidence shows that he performed all that he alleges in his complaint, and all that he was required to perform. The land commissioner of the Northern Pacific Railroad Company, having refused to receive the eight thousand and odd dollars of stock tendered, and refusing to convey the land, the plaintiff brings this action to enforce the specific performance of the parol contract for the sale of the remaining portion of the land.

The case was very fully and exhaustively argued by plaintiff's counsel, who has gone over all of the authorities bearing upon the question of the specific performance of parol contracts for the sale of real estate, both in England and in this country. He relies to a large extent on the exception in our statute of frauds with reference to parol contracts for the sale of real estate, and claims that the provision of the statute which he cites tends, to a certain extent, to enlarge the doctrine with reference to such contracts.

The land which the plaintiff contracted to buy is not in a continuous solid tract, but is embraced within the odd-numbered sections of the townships described, and forms a portion of the land granted by the United States government to the Northern Pacific Railroad Company. The contract being by parol is invalid under the statute of frauds of the state of Minnesota, unless there has been part performance of the contract by the vendee, which would make it an exception to the statute, and bring it within the rule in equity governing such cases. The statute of Minnesota, after enacting the provision that contracts of this kind must be in writing, provides that "nothing in this chapter contained shall be construed to abridge the powers of courts of equity to compel the specific performance of agreements in cases of part performance of such agreements." Whenever a parol

contract for the sale of real property is shown to be within this exception, a court of equity will not hesitate to enforce and decree specific performance for a conveyance from the vendor; and why? The reason given by eminent jurists and text writers is that equity will interpose to prevent a fraud being practiced by one party upon another, and when the enforcement of the statute, which enacts that said contract must be in writing, would permit a vendor to obtain wrongfully something from the vendee, or wrongfully to withhold from him something already obtained without consideration, and in violation of good conscience, a court of equity will interpose and prevent the perpetration of such wrong, and the commission of a fraud. This is the rule which guides courts of equity, and the statute of Minnesota only enunciates that doctrine. Whenever it appears that a vendee who is seeking the enforcement of the agreement has been permitted by the vendor to treat the agreement as binding, and to do positive acts amounting to part performance, based upon the assumption that the agreement is binding, specific relief will be granted, and the vendor compelled to perform on his part. It would be manifest injustice to permit a vendor to escape from his engagement when the vendee has been put in a position which makes it against conscience in the vendor to say, "The contract is not in writing and signed by me, and the statute is a bar to your relief."

Whenever courts have been called upon to enforce parol agreements for the sale of real estate, on the ground of part performance, they have invariably declined to do so, unless the case is clearly within the principles of equity jurisprudence, as above defined. And it is only when the vendee has entered into possession of the property, and made valuable improvements thereon, upon the faith of the contract, that a court will usually enforce and decree specific performance of the contract. The struggle of the courts is to prevent wrong and injustice, and they will not, under such circumstances, permit the vendor to withdraw from the contract. But if the purchase price has been paid without taking possession, this is not generally deemed such a part performance of the parol contract as entitles the purchaser to specific performance. This principle or rule in equity has never been extended, and the statute of frauds held not to apply.

In this case, the lands embraced within the parol contract are of many distinct parcels. They are made up of the odd-numbered sections in four townships, designated by the government land laws. Each section is a tract separate from all the remainder of the land. The price was apportioned to the land by the acre in each township, and distributed between the various tracts. The price was not a gross sum for the whole quantity of land. The plaintiff has had all the land that he paid for, and deeds have been given him for all the tracts, as fast as he furnished the requisite quantity of preferred stock. Under the arrangement with the representative of the defendant company, payments were not applied upon the contract gener--

ally, but always to specific sections or parcels; and when the preferred stock was presented, and a payment made, it was payment in full only to the extent of the land upon which the application was made. All the lands upon which valuable improvements were made, and all of which possession has been taken by the plaintiff, have been conveyed by the defendant. Upon none of the tracts for which the plaintiff made his tender, and now seeks specific conveyance, has he made any improvements; neither has he taken possession of them.

It is urged that as the plaintiff has taken possession of, and made valuable improvements on, and made payments for, and received conveyances of, some of the tracts covered by the parol contract and agreement, that these acts constitute part performance, so as to take the case out of the statute of frauds. If the contract price had been a gross sum for the whole quantity, then, to prevent fraud, the following doctrine, adopted in some instances by courts of equity, might apply: that the possession of one of several tracts forming the subject-matter of a parol contract for the sale of lands will be regarded as sufficient part performance to take such contract of sale out of the statute of frauds, as to the other tracts of which possession has not been taken. In this case no necessity exists for applying such a rule; the exception to the statute does not require it, and we are not willing to enlarge the equity doctrine. No loss is inflicted upon the plaintiff, for he has received deeds for all the lands paid for.

Bill dismissed.